JOHN GRAY BAIN, Appellant, *v.* RYAN M. MATTESON, Respondent.

An administrator with the will annexed takes the power of the executor named, where the power or trust appears to be annexed to the office, unless a personal confidence in the discretion of the *person* named is plainly expressed or implied.

The authorities as to power of administrator, with will annexed, collated.

(Argued June 12, 1873; decided September term, 1873.)

THIS was an action of ejectment to recover certain premises situate in Delaware county.

The premises in dispute are a portion of lands granted by the State by patent, January 12, 1786, to Agatha Evans and others, known as the Evans patent. In 1808 Martha Brad-

street (then the wife of Matthew Codd) was an owner of an undivided half of a number of lots in that patent, including the one in question. On the twenty-fourth May of that year, she and her husband executed a conveyance of her interest to three trustees in trust, to sell so much of the lands as should be sufficient to pay their debts; and to hold, manage and improve the residue in their discretion, paying over the net profits to Matthew Codd for the support of himself and family, and upon his death to pay the same to his wife if she should survive; and, upon the death of the survivor, to hold the same for the use and benefit of the right heirs of the parties, reserving to Codd and wife the power of appointment, by their joint will, of the persons to whom the estate should pass. Under proceedings in chancery, the trustees named conveyed by deed, reciting the proceedings, all that remained of the premises to Thomas Addis Emmett upon the same trusts. Mrs. Codd was divorced from her husband and by due authority resumed her maiden name prior to 1818. In that year, by decree in a partition suit, the premises in question, with others, were set-off to Martha Bradstreet. On the 19th December, 1822, said lands were sold on execution, issued upon a judgment in the Supreme Court against Martha Bradstreet. On the 9th March, 1824, Thomas Addis Emmett recovered a judgment against her in the Supreme Court, under which he redeemed the premises and received a sheriff's deed therefor on the 21st March, 1825. Mr. Emmett died in 1827, the trust running to him and his heirs; they all, with Martha Bradstreet, in March, 1855, united in a conveyance of the property to Thomas Cunningham upon the same trusts, the deed reciting proceedings in the Supreme Court by which Cunningham was appointed trustee in place of Mr. Emmett. Cunningham accepted the trust. On the 10th of April, 1819, Martha Bradstreet gave to Peter Bain, the father of plaintiff, a power of attorney to sell her right, title and interest in the Evans patent, and to apply the proceeds in payment of a $4,000 mortgage given by her, and the payment of which had been guaranteed by said Bain. Peter Bain sold the lands at public auction in April, 1822, to one

Seal for $3,440, and executed a conveyance thereof as attorney for Martha Bradstreet, and on the same day and for the same consideration Seal conveyed the lands to Peter Bain. On the 10th May, 1832, Peter Bain took a conveyance of the premises from the comptroller of the State upon a sale for taxes. The previous proceedings resulting in the deed did not appear. In 1834 Peter Bain died, leaving a widow and eight children, and what purported to be a last will and testament, which was admitted to probate as such, by which he gave the persons named therein as executors power " to lease, rent, sell, or otherwise dispose of my fast property, viz., houses, lands, etc., of which I am possessed, and to give good and sufficient leases or deeds for the same, as I should do if in the land of the living." The persons named as executors all renounced, and on the 20th February, 1835, the widow, Nancy Bain, was appointed by the surrogate administratrix with the will annexed. She died in 1839, and on the 23d April, 1840, Silas Brown was appointed by the same surrogate her successor. Neither Peter Bain nor any of his heirs were ever in actual possession of the premises in dispute. Defendant took possession of 120 acres of the land in dispute in April, 1854, under a deed from one David H. Mills, who had been and was then in actual possession. One Ephraim Wood had possession as early as 1838. He quit-claimed to Ransom Mills, who went into possession in 1841, and while in possession he took a lease of the premises for one year, executed by said Silas Brown, as the attorney for the children of Peter Bain, deceased. No power of attorney appears in the case. Most of the said children were infants at that time. After the death of Ransom Mills, his widow continued in possession, and took a lease while in possession, in April, 1844, for one year, from one Wright, as attorney of said Brown. Her interest, through various *mesne* conveyances, was transferred to David H. Mills, and through him to defendant, as aforesaid. The remainder of the premises (about 100 acres) defendant went into possession of in 1855, under a contract to purchase from one Harvey G. Mills, who then claimed title and was in posses-

sion. Said Mills and his grantors had been in possession from about 1829. In 1841 Ebenezer Mills, who was then in possession, took a lease of about fifty acres for one year from Silas Brown, as attorney for the heirs of Peter Bain, which was renewed in 1844 and up to 1846. At the time of the trial Martha Bradstreet was living. Several other leases of the premises, purporting to emanate from Silas Brown, were executed to different parties in and out of possession, at a nominal rent, but it did not appear that any one took possession under such a lease, or that rent was paid by any supposed lessee. Plaintiff claimed title by inheritance from Peter Bain and by purchase from the other heirs-at-law of said Bain; also under the comptroller's deed. *Held*, that the trusts created by the trust deed from Matthew Cobb and wife were valid, and that the trustees took the legal estate; that the legal title was, as far as appears, yet in the last trustee, Cunningham; that therefore the power of sale executed by Martha Bradstreet to Peter Bain was invalid, as she then had no title or interest, save the power of appointment by will; that, if Martha Bradstreet had title and the power of attorney was effectual, the sale to Seal and retransfer by him passed no title to Peter Bain, as he could not thus divert the title of his principal; that, if the trust was void, then the redemption by Emmett did not inure to the benefit of the trust estate, and divested Martha Bradstreet of all title; that no title by the comptroller's deed was shown, as prior to 1850 such a deed was not *prima facie* evidence of title, and that therefore, in any view of the case, neither Peter Bain nor plaintiff had any title to the premises in question; also *held*, that no such relation of landlord and tenant was shown, and no such acknowledgment of allegiance to the Bain title proved, as would estop defendant from questioning it; and furthermore, as all the supposed leases which are claimed to operate to sustain the estoppel were given by Silas Brown, they did not, in any legal aspect or by any apparent authority, represent the alleged title of Peter Bain, as the will of Peter Bain gave Brown no authority to interfere with his real estate, and he acquired none by becoming administrator

with the will annexed.    The following is the language of the opinion as to the powers of an administrator with will annexed :

"A question is made as to the effect of leases executed by Silas Brown, as administrator, etc., of Peter Bain, of the disputed territory.    While it may not appear very important, it is fitting to be said that the power of an administrator with the will annexed over the real estate of a decedent has been largely questioned by very eminent judges.    It may be assumed that the power of the 'agents and attorneys,' and, under another name, the executors, cannot be questioned, as they are personally appointed by the testator to execute his will.    Where, as in this case, very large discretionary powers are given, it has been regarded as a personal trust and confidence, not annexed to the office of executor, and not, therefore, confided to an administrator with the will annexed, who takes nothing which does not belong to the office of executor.    It is, perhaps, not important to consider this question in the present case, but as the point seems to be some-what involved in it, a few references may not be inappropriate. Chancellor WALWORTH substantially held, in *De Peyster* v. *Clandening* (8 Paige, 310), that an administrator with the will annexed succeeded to all the powers of the executors named in the will.    This was denied in a very elaborate opinion of Mr. Justice COWEN, in *Concklin* v. *Edgerton's Exr.* (21 Wend., 430), and subsequently in the Court for the Correction of Errors, in the same case, on writ of error (25 Wend., 224), but the precise point was left undecided. Afterward, the discussion was largely continued by Judge DUER, in the Superior Court of the city of New York, in the case of *Dominick* v. *Michael* (3 Sand. S. C. R., 401). I am not aware that the question has again been mooted in the courts, but am inclined to think that, under the language of the Revised Statutes, an administrator with the will annexed in all respects takes the powers of a renouncing or deceased executor, unless a personal confidence, in the discretion of the *person* who is named as executor, is plainly expressed or to be implied.    Where the power or trust

appears to be annexed to the office of executor, it may be executed by an administrator with the will annexed.

In the informal paper proved as a will before the surrogate of the county of Saratoga, I think it clear that Peter Bain intended to commit the management of his property, real and personal, to the three persons named as agents and attorneys, as a personal trust and confidence. It was in no way annexed to any office of executor, and Silas Brown, as administrator with the will annexed, did not succeed to the power. His execution of leases as attorney, etc., for the heirs of Peter Bain, appears to have been unsupported by any proof of anthority, and his action in this respect as administrator with the will annexed is equally destitute of support so far as I am able to discover. If, indeed, the discretion confided by the testator is not to be regarded as annexed to the *office* of *executor*, then, as they all renounced, it could not go to the administrator with the will annexed, as was fully determined in the cases before cited."

*William Youmans, Jr.*, for the appellant.

*William Gleason* for the respondent.

REYNOLDS, C., reads for affirmance.
All concur.
Judgment affirmed.