CHARLES L. BINGHAM AS ADMINISTRATOR WITH WILL ANNEXED OF VERONA JONES, DECEASED, RESPONDENT, *v.* GRACE E. JONES AND MARY A. JONES, APPELLANTS, IMPLEADED WITH JAMES JONES AND OTHERS.

*Will — suspension of power of alienation — Right of an administrator with the will annexed to exercise a power of sale.*

A testator gave one-third of his estate to a son for life, and directed that on the son's decease such third should be added to the other two-thirds of which the interest was directed to be paid to the testator's grandchildren, share and share alike; and further provided by his will, "and then from and after the decease of my grandchildren, I direct my executor to pay the amount remaining after paying all expenses of settlement and disbursements thereof, to each of my great-grandchildren share and share alike."

*Held,* that the gift to the grandchildren was to each of them in severalty and not to them jointly, and that on the death of each grandchild his share would pass directly to the great-grandchildren as absolute owners. That therefore as to the one-third of the estate given to James for life, the power of alienation was not suspended for more than two lives in being, and as to the remaining two-thirds of the estate for only one life.

The will provided that in case certain of the grandchildren neglected to support their parents, "the said legacy in payment to them to be stopped and the said payment shall revert to the general fund for the benefit of my other grandchildren and great-grandchildren as hereinbefore mentioned."

*Held,* that the effect of a failure on the part of the grandchildren to support their parents, would be to work a forfeiture of the remainder of their life estates and transfer such life estates to the other grandchildren, who would hold such forfeited estates only during the lives of the grandchildren by whom they had been forfeited, and on the death of the latter such interests would pass to the great-grandchildren.

*Held,* further, that the title to the personal property vested in the administrator with the will annexed, in trust for the purposes of the will.

That the title to the real estate was vested in the devisees, subject to a power of sale to be implied from the provisions of the will.

That it appeared from the provisions of the will that the testator intended to clothe his executor with a power of sale over the real estate, and as such power was essential to the discharge of his duties, and not discretionary, that such power vested in the administrator with the will annexed.

APPEAL from a judgment, entered on a decision made at the Monroe Special Term, giving a construction to the will of Verona Jones, deceased, and adjudging that said will "in all things except as to the appointment of an executor and the provisions for the payment of debts was wholly void and of none effect."

*A. J. Abbott,* for the appellants.

*L. N. Bangs,* for James Jones, defendant.

*A. M. Bingham,* for James H. Clute and certain others, infant defendants.

*W. A. Sutherland,* for the respondent.

SMITH, J. :

By the first clause of her will, the testatrix gave the use of one-third of her estate, real and personal, to her son, James Jones, for his use during his natural life, and then proceeded in the following words : " From and after his decease the said one-third part shall revert to the general fund which I do hereinafter establish for the benefit of my grandchildren and great-grandchildren." The second clause was as follows : " Second. I give and bequeath the use of the remaining portion of property during the life-time of my son James Jones, to each and every one of my grandchildren, share and share alike, in the use and interest thereof, and from and after the decease of my son, James Jones, I direct my executor, hereinafter nominated, to pay to each of my grandchildren the interest which shall have accumulated thereon to my said grandchildren, share and share alike, and therefrom and after the decease of my grandchildren, I direct my executor to pay the amount remaining, after paying all

expenses of settlement and disbursements thereof, to each of my great-grandchildren, share and share alike, to have and to hold the same forever as their right and property, provided the children of my son George W. Jones shall provide for and care for the wants of their father and mother, during the term of the natural life of each, and in case the said children shall neglect to provide the natural needs and wants and necessaries of life of their said parents, then, and in that case, I do order the said legacy in payment to them to de stopped, and the said payment shall revert to the general fund for the benefit of my other grandchildren and great-grandchildren as hereinbefore mentioned. And I further direct my said executor to keep said general fund, before mentioned, secured and loaned upon real estate by bond and mortgage."

The testatrix left real estate worth about $1,100, and personal property of the value of $5,000. She left two sons, James and George. James was unmarried at the time of the death of the testatrix, but has since married and at the time of the trial had no issue. George was married and had three children, who are defendants in this action, two of whom are the appellants. George was largely in debt and was insolvent. The defendants, James H., Charles and Sarah J. Clute, are the children of a deceased daughter of the testatrix, and the defendants William and Charles O. Clute, are children of James H. Clute, and great-grandchildren of the testatrix.

It is claimed on the part of James Jones, that the intention of the testatrix, as manifested by the second clause of the will, was that no part of the estate should go to the great-grandchildren until after the death of all the grandchildren, and that an illegal suspension was thereby created. The learned judge who tried the case at Special Term, was of the opinion, however, that the gift to the grandchildren was to each one in severalty, and not to them jointly, and in that we concur. (*Savage* v. *Burnham*, 17 N. Y., 561; *Everitt* v. *Everitt*, 29 id., 39; *Stevenson* v. *Lesley*, 70 id., 512; *Monarque* v. *Monarque*, 80 id., 320.) Thus construed, the provision does not work an illegal suspension, as on the death of each grandchild his share will pass directly to the great-grandchildren as absolute owners. As to the one-third of the estate given to James for life, the power of alienation of the real estate and the absolute ownership of the

personal property are not suspended for more than two lives in being, and as to the remaining two-thirds, the suspension is for one life only.

It is further contended by the respondents that an illegal suspension may be produced by a breach of the provision contained in the second clause for the support of George W. Jones and his wife by their children, and in that view the special term judge concurred, and on that ground he held the entire will void so far as it undertook to dispose of the estate. That conclusion seems to have been reached by assuming that on a breach of the condition by the children of George, their shares would pass to the other grandchildren, and at *their* death to the great-grandchildren, and thus the absolute ownership of the portion of the one-third of the estate given to James for life, which forms part of the three shares set apart for the three children of George, would be suspended in the event of a breach of the condition for a longer time than is allowed by law; first, for the life of James; secondly, from the death of James to the time of the breach; and, thirdly, for the lives of the other grandchildren (three in number), for whose benefit such shares are to be held in case of such breach.

But as we read the will the period of suspension would not be extended by a breach of the condition. The only effect of such breach would be to work a forfeiture of the remainder of the several life estates of George's children, and to transfer such life estates to the other grandchildren. On the death of one of George's children, the estate so forfeited by and transferred from him would cease. It would not endure during the lives of the other grandchildren as seems to have been assumed at Special Term. So that whether there be a breach or not, the ownership of the share of one of George's children would not, in any event, be suspended for more than two lives, to wit, his own life and the preceding life of James.

In short, we think the proper construction of the will is that as to the third given to James, successive life estates are created, first in James in the entire third, next in the grandchildren in severalty in equal shares, remainder in each share on the death of its taker to the great-grandchildren absolutely, and that such remainder vested on the death of the testatrix, subject to open and let in after-born great-grandchildren.

One of the questions submitted is whether the title to the real and personal property is vested in the executor or in the administrator with the will annexed as a trustee under the will, or whether it is vested in the beneficiaries who are finally to receive the same. The title to the personal property is in the administrator with the will annexed, in trust for the purposes of the will. The title to the real estate, we conceive, is vested in the devisees, as already stated, subject probably to a power of sale to be implied from the provisions of the will. As the use of one-third of the real estate, as well as personal, is given to James during his life, no power to sell is created by the will until after his death, but the direction that on the happening of that event, the said third shall fall into the general fund established by the will, and that the executor shall keep said general fund invested in bond and mortgage, the income of which he is required to pay to the several legatees as therein specified, very clearly implies that the testatrix intended to clothe the executor with a power of sale, since without it he could not discharge the duties devolved upon him. And as the duty of selling was not left to his discretion, but was made imperative, we incline to the opinion that the power is vested in the administrator with the will annexed and so hold in this case, though the latter point is not well settled. (See *Bain* v. *Matteson*, 54 N. Y., 663, and cases there cited by Reynolds, Com.)

The judgment of the Special Term should be reversed, and a judgment ordered declaring the will valid and construing it as above indicated, with costs of the appellants and of the plaintiff to be paid out of the estate.

TALCOTT, P. J., and HARDIN, J., concurred

So ordered.