JOHN D. FISH and JOHN M. LIPPINCOTT, as Adminis-
trators, etc., of HANNAH ANN LIPPINCOTT, Deceased.
Plaintiffs, v. HENRY A. COSTER, Defendant.

*Will — power to sell real estate — when it may be exercised by an administrator with
the will annexed — as to his power to execute a trust confided to the executor —
Submission of controversy — when no additional allowances can be made.*

The plaintiffs' testatrix gave, devised and bequeathed all her estate, both real
and personal, to her executors therein named, and to the survivors of them, as
joint tenants and not as tenants in common, in trust to sell and convert into
money the real estate, and to divide the proceeds thereof and the personal
estate into as many equal shares as she should leave children surviving her,
and the issue of deceased children, such issue to represent their deceased
parent. She appointed F. Slagg and C. A. Lippincott, and the survivor of
them, executors, and clothed them with the power to sell her real estate in the
following words:
"And I do authorize and require them, as soon as may be after my death, to
sell at private or at public sale, as to them may seem most discreet, all and
every part of my real estate, to convey the same to the purchaser or purchasers;
and it is my intention that this power, together with the office of executors,
shall survive and be continued to the survivor of them, in case one of them
shall die either in my lifetime or after my death. If my real estate shall, from
any cause, not happen to be sold by them, or the survivor of them, then I give
the same power of sale as is above given to them to such person or persons as
shall be appointed my administrator or administrators with the will."
By the will she created her executors, *eo nomine,* trustees of the shares of three
of her daughters, but by a codicil gave the shares of two of the three daughters
to such daughters absolutely. The executors having renounced their appoint-
ment, and never having exercised any of the powers created by the will, the
plaintiffs were duly appointed administrators with the will annexed.
*Held,* that they had power to sell and convey the real estate of their testatrix.
*Quære,* as to whether they could discharge the duties devolved by the will upon
the executors, as trustees for the daughter of the testatrix.
Where a submission of a controversy upon agreed facts expressly provides that
the judgment, in favor of whatever party it shall be, shall be given with
costs and disbursements, no additional allowance can be made.

Case submitted under sections 1279, 1280 and 1281 of the Code
of Civil Procedure.

*E. Devoe* and *O. W. West,* for the plaintiffs.

*Coles Morris* and *Michael H. Cardozo,* for the defendant.

Davis, P. J.:

The question in controversy submitted in this case arises under the will and codicil of Hannah A. Lippincott. The testatrix, by her will, gave, devised and bequeathed all her estate, both real and personal, to her executors therein named, and to the survivors of them as joint tenants, and not as tenants in common, in trust to sell and convert into money the real estate, and to divide the personal estate and the proceeds of the real estate into as many equal shares as she should leave children surviving her, and the issue of deceased children, such issue to represent their deceased parent. She nominated Ferdinand Stagg and Charles A. Lippincott, and the survivor of them, executors of her will, and clothed them with power to sell her real estate in the following words:

" And I do authorize and require them, as soon as may be after my death, to sell, at private or at public sale, as to them may seem most discreet, all and every part of my real estate, and to convey the same to the purchaser or purchasers; and it is my intention that this power, together with the office of executor, shall survive and be continued to the survivor of them, in case one of them shall die, either in my lifetime or after my death. If my real estate shall, from any cause, not happen to be sold by them, or the survivor of them, then I give the same power of sale as is above given to them to such person or persons as shall be appointed my administrator or administrators with the will."

By the will, she created her executors *eo nomine* and the survivor of them, trustees of the shares of her daughters, Amelia Williams, Clemens S. Leonard and Harriet S. Stagg, or their issue, upon the trusts therein declared. By a codicil subsequently executed, she gave to two of her daughters their shares absolutely, and as modified, left in full force the trust created by the will in favor of her daughter Clemens S. Leonard. The executors named in the will, by an instrument in writing, duly renounced their appointment as such executors, without having qualified or having executed any of the powers created by the will. Afterwards, upon the petition of one of the sons of the testatrix, the plaintiffs in this submission, John D. Fish and John M. Lippincott, were appointed by the surrogate administrators with the will annexed. They qualified and entered upon their duties on the 24th day of March, 1881.

The plaintiffs, as such administrators, sold at public sale to the defendant certain lands and premises which were part of the estate of the testatrix, and said purchaser paid thereon ten per cent of the purchase-price, and entered into the agreement of purchase and sale set out in the submission. A deed was subsequently executed and tendered by the administrators and payment of the balance of the purchase-price demanded, and the defendant refused to pay the same or to receive the deed, alleging a want of power in the administrators to convey such title as he was entitled to under the contract.

The question submitted to the court is whether the plaintiffs are entitled to a specific performance by the defendant of the contract of sale made by him and them. No question is made but that a valid power of sale of the real estate of the testatrix was properly granted by her will to the executors therein named, nor that the devise in trust of the real estate for the purpose of executing the power was conferred as a power in trust. (1 R. S. [Edm. ed.], 681, 682 *et seq.*, §§ 72, 74, 77, 94, 106.)

The language of the will is very clear and emphatic. The testatrix not only authorizes, but she requires the sale of her real estate, thereby both creating a power and imposing a duty for the benefit of the beneficiaries named in the will. She devises the power in trust not only to her executors and the successor of them, but by a provision especially framed to meet the contingency that has happened, she devises the same power in trust to her administrator or administrators with the will annexed. When, therefore, the executors named in the will renounced the office by a complete and perfect instrument of renunciation, and the plaintiffs were thereupon duly appointed by the surrogate administrators with the will annexed, there seems to be no room for doubt that they took, by virtue of the will, the power of sale and the duty of executing the power to the same extent as though they had been originally named in the will as executors. And this we think is true, whatever question there might be as to their power to execute the trust created by the will in favor of Clemens S. Leonard.

It is not necessary to pass upon the question whether that trust which affects only a portion of the proceeds of the sale, after the power of sale shall have been duly executed, resides in the persons

named originally as executors or in the plaintiffs, who have become administrators with the will annexed. The scheme of the will, however, seems to indicate a clear intention that that trust shall follow and vest in the official representatives of the testatrix, whether their relation to the estate be that of executors or administrators with the will annexed. It is very clear, however, both by the provisions of the will and by the Revised Statutes, that the plaintiffs, upon their appointment, took the same powers as the renouncing executors had under the will. They would not take trusts imposed in personal confidence in the individuals named as executors, but every power or trust annexed to the office of executor would devolve upon them by force of the statutes, as well as by the provisions of the will. (2 R. S., 74, § 22; *Bain* v. *Matteson,* 54 N. Y., 663.) The power of sale was given by the will to the executors as such, without using their names in immediate connection with the devise, and it was intended that the same power should devolve upon the survivor alone in case of the death of either, or upon the administrator or administrators with the will annexed, in case of failure from any cause on the part of the executors to carry the power into effect. " It is my intention," she says, " that this power, together with the office of executor, shall survive and be continued ; " and again, " I give the same power of sale, as above given to them, to such person or persons as shall be appointed my administrator or administrators with the will." Whatever, therefore, the executors named in the will could do in the execution of the power, the plaintiffs are equally empowered to do as administrators.

If the trust as to the share of Clemens S. Leonard was a strictly personal one, given in personal confidence to the executors named, they did not resign that trust when they renounced as executors. They may, therefore, accept and exercise their trust, because it is separable and distinct from the merely executory powers given by the will. The power of sale is, however, executory, and is now clearly vested in the administrators. They may proceed to execute the power by making the sale and receiving the proceeds of the land, and upon the completion of these acts, the question by whom the trust in favor of Mrs. Leonard shall be executed may become an active and important one, but until then there is no sound reason why it should be permitted to hamper or embarrass the execution

of the power of sale. If necessary, for the purpose of upholding and carrying into complete execution the intention of the testatrix, as expressed by her will, it would be proper to hold that the will contained a complete equitable conversion of her real estate into personalty, to take effect on the death of the testatrix, because the power given is imperative and no time is fixed for making the sale. In that view, the real estate would be regarded as personal property for the purpose of carrying out the intention of the will, and the administrators with the will annexed would take title of the proceeds as personal property by a sale which should convert the real estate into actual money.

We are, therefore, of opinion that the sale made to the defendant was a valid one, and that the performance of the contract by the execution and delivery of the deed required by it will convey to him a good title, and that the plaintiffs are entitled to judgment awarding a specific performance of the contract of sale, with costs of the action.

We do not consider the question whether this court has power to grant an additional allowance, because, by the express terms of the submission, it is provided that the judgment in favor of whatever party it shall be, shall be given with costs and disbursements, and those words we think were used with reference to the proper taxable costs in such cases.

Judgment ordered accordingly.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment ordered for plaintiffs, with costs.