ANTONIO GONZALES DE MENDOZA Y. BONILLA, AND OTHERS, RESPONDENTS, *v.* JOSE M. MESTRE, APPELLANT.

*Foreign trustees and ancillary administrators — respective rights of, to a fund in this State, considered.*

Where a testator, residing and dying in a foreign country, leaves a will which is there admitted to probate and creates a trust thereby and appoints as trustees thereof the persons named as executors in the will, the duties of trustee being conferred upon the executors without regard to their duties as such executors, the trust should be administered by the foreign trustees and not by an ancillary administrator, with the will annexed, appointed in this State, even though the trust fund is situated here.

APPEAL from a judgment overruling a demurrer to the complaint.

*Olcott, Mestre & Gonzales*, for the appellant.

*J. Bryant Lindley*, for the respondents.

DAVIS, P. J.:

The issues of law joined by the demurrer to the complaint in this case were referred for hearing and decision to G. Zabriskie, Esq., a counselor of this court, and on his findings and decision judgment has been entered. The learned referee accompanies his report with an interesting and able opinion upon which the conclusion of the appellate court might well be rested; for our examination of the appeal has brought us to the same result. The plaintiffs who are residents of the island of Cuba, a possession of the kingdom of Spain, sue as trustees created by and under the last will and testament of Ignacio Maria Zangioniz, a resident, at the time of publishing his will, of Cuba, where he was domiciled at his death. His will was probated in due form in that island, and letters testamentary were issued to plaintiffs who were nominated executors by the will. The testator at the time of his death owned personal property consisting of goods, chattels and credits in the city of New York, and for the due administration of which the plaintiffs, as executors of the will, gave their power of attorney to the defendant to sue out of the Surrogate's Court of said city of New York letters of administration ancillary with the will annexed, to administer the goods, chattels and credits of the testator in said city. Such letters were granted, and the defendant as administrator ancillary administered upon the estate, and upon completing such administration transmitted and paid over to the plaintiffs, as executors of the will, the property and its proceeds except the bonds for the possession of which this suit is brought. Those bonds he retains, claiming that in his capacity of administrator ancillary with the will annexed, whatever trusts are created by the will of the testator in respect of them are devolved upon him and are to be executed by him as trustee for the benefit of the *cestuis que trust.*

The bonds are described in the will as "ten thousand Jersey city bonds," in the hands of Don Juan M. Ceballos of New York, and they came into the possession of the defendant as such administrator, and on the final settlement of his accounts he was directed by the decree of the surrogate to retain the same until the further order of

the Supreme Court of the State of New York or of the said Surrogate's Court as to the disposition or custody of the same.

The defendant has transferred the bonds to his own name as trustee under the will, and on demand of the plaintiffs of delivery and possession he claims to be entitled to their possession as trustee under the will of the testator by virtue of his appointment as administrator with the will annexed. The clause of the will upon which the question in controversy arises is the eighth, and it is in these words :

"*Eighth.* I declare that I give and bequeath ten thousand dollars of the Jersey City bonds which I have in the hands of my good friend Don Juan M. Ceballos of New York, which produce seven per cent per annum to my dear goddaughter Donna Cecilia Ignacio Heyeman Y. Jenes, upon the express condition that neither her father nor any one shall be allowed to dispose of or take the same, as I leave to my executors exclusively the duty of carrying out the provision. The income from this investment of ten thousand dollars, or any other that shall be made in its stead, if it be deemed proper so to do, shall go to her mother, Donna Angela Jenes de Heyeman, as life tenant during her life, and to go thereafter to my said goddaughter. If Donna Cecilia Ignacio Heyeman shall die before her mother, without having any issue, her mother shall have the right to dispose of the amount so invested, hereinabove referred to, as she may deem best. If my goddaughter Donna Cecilia shall leave any issue, the inheritance shall go to the said issue upon the death of said Donna Angela Jenes de Heyeman. If at the time of my death the said bonds or funds set apart for this legacy in favor of my said goddaughter Donna Cecilia, of ten thousand dollars, shall not be in existence, she shall have the right to a like sum of ten thousand dollars in gold, the same to be taken out of my estate, and to be subject to the same condition. That my executors shall see that this sum shall be invested in funds abroad, together with all the other conditions which are referred to in this eighth clause, in all its parts, as well in regard to the life interest in favor of her mother Donna Angela Jenes, as well as the other points herein stated."

That this clause of the will creates a trust estate, which by its terms is invested in the persons therein named as executors, who are thereby created trustees and charged with all the duties and obliga-

tions of the trust, does not seem to be in contention between the parties. What the defendant contends is that the estate in trust and the trust thus created is now so far as relates to the bonds in New York, by virtue of his appointment as administrator with the will annexed lawfully devolved upon and invested in him so that he is now clothed with the right, title and duties which otherwise would have continued to belong to the plaintiffs as trustees. But this position cannot be maintained, because it is obvious from the provision of the will in relation to the trust and its *corpus*, that the testator intended the executors to take as trustees with powers which they are to exercise as such, without regard to their duties as executors, and which may and if necessary are to continue in full vigor after their powers and duties as executors are exhausted and terminated. It was said in *Bain* v. *Matteson* (54 N. Y., 663) that "an administrator with the will annexed in all respects takes the power of a renouncing or deceased executor, unless a personal confidence in the discretion of the person who is named as executor is plainly expressed or to be implied. Where the power or trust appears to be annexed to the office of executor, it may be executed by an administrator with the will annexed." (And see *Dunning* v. *Ocean Nat. Bank*, 61 N. Y., 497; *Beekman* v. *Bonsor*, 23 id., 303.) In this case we do not doubt that the will gives powers to the donees of the trust distinctly different from their duties as executors; and that the powers granted and duties involved both imply and express a personal confidence reposed in the individuals over and above and beyond those implied by the selection of them as executors. And the word "executors," is used by the testator as a convenient form of naming the individuals as the trustees who are to execute the trust created and conferred on them. In this case, therefore, the powers and duties touching the trust are not those of executors *virtute officii*, and do not pass to an administrator with the will annexed. (*Hood* v. *Hood*, 85 N. Y., 571; *Mott* v. *Ackerman*, 92 id., 539.) We need not stop, therefore, to consider the question whether in such a case as the facts here present, where the administration with the will annexed is plainly ancillary, obtained upon the power of attorney of executors who still retain that relation to the will and are pursuing its execution by themselves, through a mode requisite under the local law of a foreign State in which some portion of the property

chances to be situated, for the purpose of drawing that property or its proceeds lawfully into their possession in the jurisdiction in which they are still executing the will, the fact of the legal necessity of an ancillary administrator can rightfully be held in any case to carry to such administrator any trust or power whatever under the will except only such as is necessary to the complete exercise of his functions as ancillary administrator. We are not aware that such a question has ever before arisen, but when it is necessary to the decision of such a case we apprehend courts will hesitate to construe the statutes in such a manner that the ancillary administrator with the will annexed can capture for himself any distinct trust created by a will which the nominated and duly qualified executors are still engaged in executing.

As to the question of parties there does not seem to be any reason for holding that in determining this question of a right of possession the *cestuis que trust* are either necessary or proper parties. The defendant in the view taken, is simply a wrong-doer from whom the plaintiffs as trustees are seeking to recover property of which they are the legal owners.

As the defendant asserts a legal title as trustee under the will he must stand or fall with that ground. He has no right now to claim that plaintiffs ought first to have obtained an order of this court or of the surrogate for the delivery of the trusts.

Our conclusion is that the judgment should be affirmed with costs.

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment affirmed, with costs.