JAMES H. HICKEY, Plaintiff, *v.* DORIS E. PETERSEN, Individually and as Executrix, etc., Defendant.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Will. Power of sale.*—Where a testator leaves a portion of the income of his real and personal property to his widow, the balance thereof to his children, and the whole estate to them upon the death of the widow and the maturity of the youngest child, with full power of sale to his executor who refuses to qualify, the widow as administratrix with the will annexed can exercise such power of sale, and a deed executed by her individually and as such administratrix will convey a good title.

Submission of controversy without action.

*J. B. Sabine,* for plaintiff.

*Doris E. Petersen,* defendant in person.

BARNARD, P. J.—The case agreed upon shows that one Christopher Petersen died seized and in possession of certain lands and premises which included the particular portion in question. The deceased left a last will. He left a widow and minor children. By the terms of the will one-half of the income of the real and personal estate was given to his widow, Doris Petersen, for life if she remained unmarried. If she remarried the provisions for the widow were reduced to one-third of the remainder. The remainder of the income was given to the children of testator, of whom there were four living at his death. This income was to be expended under the direction of his executor, and it was provided that if any child should die before the youngest child became of age leaving issue, such issue should take the parent's share. The youngest child died before maturity. The executor

named in the will refused to qualify, and letters of administration with the will annexed were granted to the widow. The will gave a very full power of sale to the executor named in it. At the death of the wife and upon the arrival of the youngest child at the age of twenty-one the entire estate is given to the children equally.

The administratrix with the will annexed has made a contract as an individual and as administratrix to sell a portion of the land, and the purchaser (plaintiff) objects to the title. The powers of the administratrix are the same as those given to the executor named in the will. Bain *v.* Matteson, 54 N. Y. 663.

The widow has no interest except dower interest if she is not barred by the gift of one half of the income of both real and personal estate. This right, whatever it be, would be cut off by her deed as an individual. The fee of the land went direct to the children, subject to the power of sale. The clause or portion of the will which restricts the application of the income until the youngest child becomes of age was not an illegal suspension of the power of alienation. The accumulation of income beyond the need of the children would be illegal, but would go, under the Revised Statutes, to the next eventual estate. The children can therefore sell by infant proceedings their interest in the land. The executor is not bound to wait until the death of the widow before making a sale, if a sale be beneficial, in her judgment, to the estate.

The plaintiff should, therefore, take the title offered.

PRATT and DYKMAN, JJ., concur.