57 415
123a 402

WILLIAM B. ROYCE AND OTHERS, AS TRUSTEES UNDER THE WILL OF HENRY R. LOW, DECEASED, PLAINTIFFS, *v.* JENNIE C. T. ADAMS, DEFENDANT.

*Power of sale given by a will — when it may be exercised by an administrator with the will annexed.*

A testator provided, by his will, as follows:

" *Second.* I hereby nominate and appoint my father-in-law, John D. Watkins, and my sons, Russell T. and John W. Low, executors, and my wife, Mary C Low, executrix, of this my last will and testament, hereby empowering my said executors and executrix, or whoever shall execute this my will, to sell, lease, or otherwise convey or dispose of, any of my real and personal estate and effects."

*Held,* that an administrator, with the will annexed, was authorized to execute the power of sale conferred by this clause of the will.

SUBMISSION of a case presented by a demurrer interposed to the plaintiffs' complaint, in an action brought for the purpose of obtaining a judicial determination as to the power of the plaintiffs to execute a valid conveyance of the real estate of Henry R. Low, deceased.

*W. T. Groo*, for the plaintiffs.

*Alton J. Vail*, for the defendant.

DYKMAN, J.:

The question for determination in this action is whether the administrators, with the will annexed, who are also the trustees substituted in the place of the executors of the last will and testament of Henry R. Low, deceased, can give a good title to the real property of which he died seized. The language is this:

"*Second.* I hereby nominate and appoint my father-in-law, John D. Watkins, and my sons, Russell T. and John W. Low, executors, and my wife Mary C. Low, executrix, of this my last will and testament, hereby empowering my said executors and executrix, or whoever shall execute this my will, to sell, lease or otherwise convey or dispose of any and all my real and personal estate and effects, and to give good title thereto without lien, charge or incumbrance of any kind upon the same, either for cash or on credit, or both."

This language annexes the power of sale to the office of executor, and no personal confidence in the discretion of the person named is either expressed or implied. The power of sale is bestowed upon the executors and executrix or whosoever shall execute the will. Under such circumstances an administrator, with the will annexed, takes the power of the original executors, and the power or trust may be executed by them. (*Bain* v. *Matteson*, 54 N. Y., 663.) The same rule applies to the administrators in their character of substituted trustees. (*Farrar* v. *McCue*, 89 N. Y., 140.)

Judgment in favor of the plaintiffs should, therefore, be rendered upon the demurrer.

BARNARD, P. J., and PRATT, J., concurred.

Judgment for plaintiffs upon demurrer.